PETER HEWETT, FRANCE HEWETT, GOLDIE HEWETT, ESSO CLEM-
MONS, EMMA C. HALL v. DR. LUBIN F. BULLARD, JR., AND WIFE,
LONA W. BULLARD.

(Filed 12 December 1962.)

**1. Fraud § 2; Physicians and Surgeons § 8—**

Where a physician regularly treats a chronically ill person for a period of years, a confidential relation is established which raises a presumption that financial dealings between the physician and patient are tainted with fraud.

**2. Cancellation and Rescission of Instruments § 10—**

Evidence that a physician treated the decedent for more than two years prior to her death, that a short time before her death and while she was in very serious condition, the physician, treating her at her home, waited for her to dress and then took her in his car to a notary public where she signed and acknowledged the deed attacked, is sufficient to be submitted to the jury in an action to cancel the deed for fraud and undue influence, notwithstanding conflicting evidence on the part of defendant tending to show that the transaction was *bona fides.*

APPEAL by defendants from *McKinnon, J.,* February 1962 Civil Term of BRUNSWICK.

Plaintiffs are the heirs at law of Laura Lambro, who died intestate 30 January 1960. On 23 January 1960 she signed, acknowledged, and delivered a deed to defendants for her home in Brunswick County. The deed recites a consideration of "Ten Dollars and other valuable considerations." The deed reserves to grantor "the right to live on said land during her lifetime, but if she vacates or abandons same then she may not lease or sublease to anyone else."

Plaintiffs alleged the deed is void because procured by fraud and undue influence and because of lack of mental capacity of grantor to execute a deed. Defendant denied the asserted invalidity.

Issues arising on the pleadings were submitted to the jury. It answered the issues in the affirmative. Judgment was entered declaring the deed void. The register of deeds was directed to make an appropriate entry on his records. Defendants excepted and appealed.

HEWETT v. BULLARD.

*Herring, Walton & Parker for plaintiff appellees.*
*Bowman and Prevatte by E. J. Prevatte for defendant appellants.*

PER CURIAM. The assignments primarily relied on are the denial of motions to nonsuit, made first at the conclusion of plaintiff's evidence and renewed at the conclusion of the evidence.

When defendant elected to offer evidence, he waived his exception taken at the conclusion of plaintiffs' evidence. G.S. 1-183.

The correctness of the ruling made at the conclusion of the evidence must be determined by an examination of all the evidence viewed in the light most favorable to plaintiffs. When so viewed, the evidence was sufficient to establish the following facts: Mrs. Lambro was 58 when she died. She was a widow. She had no children. She lived alone. She was "chronically ill," suffering from aortic aneurism and complications thereof. Male defendant was her physician and had been for more than two years. During that period she had grown progressively worse. She had not been eating for two weeks or thereabouts prior to 23 January, only drinking coffee with milk. She had difficulty in swallowing. She weighed less than 100 pounds. Male defendant went to her home about 9:00 a.m. on the 23rd. Her condition was then essentially the same as on the preceding day. She was suffering pain and shortness of breath. The doctor injected Thorazine, a tranquilizer, and Bronkephrine, a bronchial dilater, to improve her breathing. He waited for her to be dressed and then took her in his car to a notary public where she signed and acknowledged the disputed document She was then taken back to her home by *feme* defendant. The doctor was again called about midday to treat Mrs. Lambro. He then found it necessary to use drugs. He was called again about dark. Again he administered drugs. About midnight Mrs. Lambro was in a critical condition. She was sent by ambulance to Duke Hospital. Arrangements for her admission had been made by the doctor on the 20th or 21st. When Mrs. Lambro arrived at the hospital on the morning of the 24th, she was "acutely and extremely ill, being comatose. . .not responding to deep painful stimulants — she had no blood pressure. . .she was blue, dusty from lack of adequate air." She died on the sixth day following her admission. She was paid $150 when she signed the deed. The property at that time had a market value of $4000. The deed conveyed all of Mrs. Lambro's land. Her household furnishings sold after her death for $360. She had, in the fall of 1959, withdrawn her moneys deposited with banks. She had no money or personalty, except household furnishings, when she died.

The evidence for defendants was sufficient for the jury to find the conveyance was not tainted by fraud, that the deed was prepared

by an attorney selected by Mrs. Lambro and in conformity with her expressed direction, given some considerable time prior to the date of the deed. The attorney had delayed preparing the deed because of his illness. Male defendant testified the consideration for the deed was a payment in cash, cancellation of debts due him, plus the obligation assumed by grantees (not recited in the deed) to make monthly payments to Mrs. Lambro for the balance of her life were fair consideration for the property conveyed.

Where a physician regularly treats a chronically ill person over a period of two years, a confidential relationship is established, raising a presumption that financial dealings between them are fraudulent. *Lee v. Pearce,* 68 N.C. 76 (87) ; 41 Am. Jur. 196.

The court was not, nor are we, permitted to reconcile the conflicts in evidence. That is the prerogative of the jury. G.S. 1-180. The evidence was sufficient to support the verdict. It follows the jury was properly called on to resolve the conflict in the evidence.

The remaining assignments of error have been examined. None, in our opinion, require discussion. The court's definition of undue influence was taken from *In re Franks,* 231 N.C. 252 (260), 56 S.E. 2d 668.

Affirmed.